IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES R. LUSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-663-MJR |
| ) | |
| CITY OF LEBANON ILLINOIS, et al., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on the Motion for a Protective Order (Doc. 55) filed by the defendants on June 15, 2005, the Renewed Motion for for Leave to File First Amended Complaint (Doc. 57) filed by the plaintiff on June 15, 2005, Notice to the Court on Discovery Disputes (Doc. 63) filed by the plaintiff on June 21, 2005, and the motion to Extend Discovery Cutoff (Doc. 61) filed by the plaintiff on June 21, 2005, and the Oral Motion to Strike made by the plaintiff on June 28, 2005.  A hearing was held before the Court on June 28, 2005.  Plaintiff appeared by counsel, Thomas Maag, Amanda Bradley Verett, and Patricia Dennis.  Defendants appeared by counsel, Charles Pierce and Michael Wagner.  The Motion for a Protective Order (Doc. 55) is **GRANTED IN PART** and **DENIED IN PART**.  The Notice to the Court on Discovery Disputes (Doc. 63), construed as a motion to compel is **GRANTED IN PART** and **DENIED IN PART**.  The Motion to Extend Discovery Cutoff (Doc. 61) is **GRANTED IN PART** and **DENIED IN PART**.  The Renewed Motion for Leave to File First Amended Complaint (Doc. 57) is **DENIED**.  The Oral Motion to Strike is **GRANTED**.

1

Plaintiff's Oral Motion to Strike

During the hearing, plaintiff made an oral motion to strike portions of defendants' memorandum in support of their motion for a protective order (Doc. 64) that referred to settlement negotiations between the parties. The Motion is **GRANTED**. The Court will not take the stricken information contained on page 7, the first full paragraph, into consideration when ruling on the motions. Additionally, the Court, sua sponte, **STRIKES** the New Mexico police report regarding an arrest made on June 10, 2005, attached as an Exhibit to the Memorandum in support of the Motion for a Protective Order. The police report contains information in violation of the Local Rule 5.1(d), namely the social security number and the drivers license number of the individual arrested on June 10, 2005. The Clerk is directed to expunge Exhibit 1 to Document 64 and delete it from the electronic docket.

Defendants Motion for Protective Order

This motion seeks an order from the Court barring the depositions in New Mexico of Sheriff Gary Graves and any other members of the DeBaca County Sheriff's office/ police officers. Plaintiff seeks to depose Sheriff Graves and two deputies/police officers. It appears that the plaintiff wishes to depose Sheriff Graves regarding the alleged conduct of defendant Chavez when he was served with a subpoena in this case. Additionally, plaintiff wishes to depose two deputies/police officers from DeBaca County regarding the alleged conduct of defendant Chavez during an arrest that occurred on June 10, 2005. Defendant objects to the depositions as being irrelevant and financially burdensome (as they are to take place in New Mexico). Plaintiff states that the depositions are necessary to show the alleged habit of defendant Chavez of beating handcuffed persons, and the lack of mistake or accident regarding

the alleged actions of defendant Chavez in the matter pending in this Court.  Plaintiff also seeks this evidence to rebut any evidence of good character placed into evidence by  defendant Chavez at trial.

The Court does not find the alleged conduct of defendant Chavez when served with a subpoena in this matter to be relevant to the case at bar.  Federal Rule of Civil Procedure 26(b)(1)  allows for liberal discovery.  Rule 26(b)(1) also allows the Court to order "discovery of any matter relevant to the subject matter involved . . . "   The Rule further states that relevant information need not be admissible at trial if said discovery appears reasonably calculated to lead to discovery of admissible evidence.   The Court does, however, find that the alleged conduct of defendant Chavez during the arrest in New Mexico on June 10, 2005 is relevant.   Pursuant to Federal Rule of Civil Procedure 26(c) the Court does not find that it is unduly financially burdensome for defendants to have attend depositions in New Mexico.  The burden on the defendants is outweighed by the relevance of the evidence.    Therefore, plaintiff may depose Sheriff Graves and the two deputies/officers regarding the June 10, 2005 arrest in New Mexico. The plaintiff may not depose Sheriff Graves or anyone else regarding the alleged conduct of defendant Chavez when served with the subpoena in this matter.

## Notice Regarding Discovery Disputes

During the telephonic conference regarding a discovery dispute between the parties on June 16, 2005, the Court requested that plaintiff file a Notice Regarding Discovery Disputes prior to the June 28, 2005 hearing.    In this Notice, which the Court is construing as a Motion to Compel, plaintiff is seeking the social security numbers, drivers license numbers, other identifying data, current and ex-spouses names, and other information such as place of marriage

or divorce. Additionally, plaintiff seeks net worth information from defendants Lebert and Chavez, including salary, bonuses, bank account information, real property ownership information, stock ownership information, and other assets. Plaintiff wishes to redepose defendant Lebert regarding this information.

Plaintiff seeks the above information regarding Chavez's current and ex-spouses names to demonstrate defendant Chavez's improper use of force in all respects. Additionally plaintiff seeks this information in order to pursue punitive damages and to seek out the defendant's criminal history, which he believes are relevant to this lawsuit. Defendants object to these requests stating that what defendant Chavez may or may not have done in his personal life is irrelevant to an excessive use of force claim in his capacity as a police officer. Furthermore, defendants argue that the above information sought by the plaintiff has little probative value, is harassing, and is irrelevant to the lawsuit. The plaintiff offered to agree to a protective order preventing him from disclosing the above information and which would compel him to destroy the information at the termination of the lawsuit. The Court finds the information sought by the plaintiff regarding the defendants' social security numbers, drivers license numbers, specific financial information i.e., bank account numbers and information regarding defendant Chavez's wife or ex-wives to be irrelevant. The defendants' criminal history, if any, is irrelevant. Specific financial information is only relevant if the plaintiff wins this lawsuit and further seeks to enforce a judgment. Specific financial information is irrelevant to *whether* the plaintiff can seek punitive damages or *whether* the plaintiff is entitled to such damages.

The plaintiff is allowed to ask defendant Chavez, during his upcoming deposition, general financial information, and his date of birth. Plaintiff may ask defendant Lebert, in

writing, general financial information and his date of birth.  The Court will **DENY** plaintiff's request to redepose defendant Lebert.

## Motion to Extend Discovery Cutoff

Plaintiff seeks to extend the discovery cutoff to August 15, 2005.  The current date by which discovery is to be completed is July 8, 2005.  The defendant objects.  The Court extends the date by which discovery is to be completed until **July 15, 2005**.

## Renewed Motion for Leave to File First Amended Complaint

This lawsuit was originally filed on September 16, 2004.  Plaintiff first sought to amend his complaint on June 15, 2005.   Plaintiff states that he sought to amend the complaint within days of receiving the deposition transcripts of defendant Lebert and defendant Peters.  Plaintiff seeks to add three counts:  A count against the City of Lebanon, Illinois for refusing to fund the police department for training and retention of officers; and two counts against defendant Lebert, the Chief of Police,  regarding the establishment of a practice and policy that violate the 4th and the 14th Amendments. Plaintiff states if he is allowed to file the amended complaint,  he would anticipate filing several dispositive motions.  Plaintiff also stated that he anticipated very little additional discovery depending on what defendant Chavez will state in his deposition. Defendants object to plaintiff's request to file an amended complaint.   From the defendants' perspective, it would entail much more discovery, and possibly expert testimony because the proposed amendment would add a new theory to the case.  Defendants also state that they will not be prepared to proceed to trial on  October 31, 2005  if said amendment were allowed. Furthermore, the defendant states that the amendment is untimely.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and

that leave to amend "shall be freely given when justice so requires." However, leave to amend may be denied if there is "undue delay, bad faith, dilatory motive, prejudice, or futility." Guise v. BWM Mortgage, LLC., 377 F.3d 795, 801 (7th Cir. 2004). The granting or denying of a motion to amend is reviewed for an abuse of discretion. Butts v. Aurora Health Care, Inc., 387 F.3d 921, 925 (7th Cir. 2004). While the Court is aware that the proposed amendment is related to Count III of the original complaint in this lawsuit, the amendments are independent claims from the original complaint. The amendments add a new theory of liability that will necessitate additional discovery. This lawsuit was filed on September 16, 2004. The plaintiff seeks to amend the complaint some nine months later. The Court is aware that the deposition of defendant Lebert was delayed for a month because of the defendants actions, but the plaintiff has offered no argument as to why he did not depose defendant Lebert sooner. The plaintiff has offered no excuse for the extended delay. Additionally, the plaintiff seeks to amend the complaint on the heels of the discovery deadline and the dispositive motion deadline. The filing of an amended complaint would necessitate additional discovery, including experts, and therefore require a change in the deadlines and trial date. Therefore, the Court find that there was unreasonable delay in the filing of the motion to amend the complaint.

Based on the foregoing, the Motion for a Protective Order (Doc. 55) is **GRANTED IN PART** and **DENIED IN PART**. The Notice to the Court on Discovery Disputes (Doc. 63), construed as a motion to compel is **GRANTED IN PART** and **DENIED IN PART**. The Motion to Extend Discovery Cutoff (Doc. 61) is **GRANTED IN PART** and **DENIED IN PART**. The Renewed Motion for Leave to File First Amended Complaint (Doc. 57) is

**DENIED**.  The Oral Motion to Strike is **GRANTED**.


**DATED:    June 29, 2005.**


                                                 <u>s/ Donald G. Wilkerson</u>
                                               **DONALD G. WILKERSON**
                                               **United States Magistrate Judge**