IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CHARLES R. LUSTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 04-cv-0663-MJR |
| | ) | |
| **CITY OF LEBANON, ILLINOIS,** | ) | |
| **DOUGLAS LEBERT,** *individually* | ) | |
| *and as Chief of Police of the* | ) | |
| *City of Lebanon,* **MICHAEL CHAVEZ,** | ) | |
| *individually and in his capacity as a* | ) | |
| *Police Officer with the City of Lebanon* | ) | |
| *Police Department,* **THOMAS PETERS,** | ) | |
| *individually and in his capacity as a Police* | ) | |
| *Officer with the City of Lebanon Police* | ) | |
| *Department,* | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

This matter is before the Court on Plaintiff Charles R. Luster's motion for summary judgment on liability (Doc. 104). For the reasons that follow, the Court denies that motion in its entirety.

**A.    Factual and Procedural History**

On August 25, 2004, plaintiff Charles R. Luster initiated this cause of action by filing a complaint in the Circuit Court of St. Clair County, Illinois (Doc. 2). On September 16, 2004, this matter was removed to this Court (*see* Doc. 1). On July 25, 2005, Luster filed his first amended complaint against the defendants, the City of Lebanon, and Officers Douglas Lebert, Michael Chavez and Thomas Peters ("Defendants")(*see* Doc. 85).

Luster's amended complaint asserts six counts.  Count One alleges that the City of Lebanon maintains a policy of arresting individuals who fail to provide information beyond the scope of their identity or who fail to comply with a field interview.  Counts Two and Four allege that Officers Chavez and Peters violated the plaintiff's Fourth and Fourteenth Amendment rights under **42 U.S.C. § 1983** when they arrested Luster.  Counts Three and Five identically allege that both officers violated Luster's Fourth and Fifteenth Amendment rights under **42 U.S.C. § 1983** when they used excessive force to arrest Luster.  Count Six alleges that Officer Douglas Lebert knowingly caused or recklessly disregarded the health and safety of the City of Lebanon's citizens in maintaining an unconstitutional policy of arresting individuals who fail to comply with a field interview and fail to answer questions outside the scope of their identity (*see* Doc. 85).

Luster now moves for summary judgment on liability on Counts One, Two, Four and Six (Doc. 104).  Luster argues that "[T]he policy and procedure of [Lebanon], approved by its Chief of Police, [Lebert], to arrest persons who, in accordance with their Constitutional Rights ... do not respond to questions other than their identification during a so called 'Terry Stop,' is patently illegal, unconstitutional, and in violation of 42 U.S.C. § 1983 ..." (Doc. 104, p. 1).  Therefore, Luster argues, his arrest was likewise patently illegal, unconstitutional, and in violation of **42 U.S.C. § 1983.**

**B.    Analysis**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, admissions, and affidavits leave no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  **FEDERAL RULE OF CIVIL PROCEDURE 56(c).**  The moving party bears the burden of establishing both the absence of fact issues and entitlement to judgment as a matter of law.  ***Santaella v. Metropolitan Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997).**

In determining whether a genuine issue of material fact exists, the Court reviews the record in the light most favorable to the non-moving party and makes all reasonable inferences in the non-movant's favor. ***Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986);** ***Ulichny v. Merton Community School Dist.*, 249 F.3d 686, 699 (7th Cir. 2001);** ***Miranda v. Wisconsin Power & Light Company*, 91 F.3d 1011, 1014 (7th Cir. 1996).**

Having reviewed the pleadings of the parties, as well as all exhibits, deposition testimony, and affidavits submitted on these issues, the Court finds that genuine disputes exists regarding several issues of material fact underlying Luster's argument. Most importantly, and dispositive of Luster's motion, is the fact that the very *basis* for Luster's argument is, at the least, in genuine dispute.

Luster argues that the "policy and procedure of Lebanon" are "patently illegal" (Doc. 104, pp. 1-2). However, the record of this matter and the statements of the parties illustrate that there clearly is a factual dispute as to exactly what constitutes "[t]he policy and procedure of Lebanon."

Luster argues that the "policy and procedure of Lebanon" are illustrated by the deposition testimony of one individual, Douglas Lebert (Doc. 104, Exhibit E). Reviewing this deposition testimony, the only thing clear to this Court is that counsel for Luster went to significant lengths – proposing multiple hypothetical situations and repeatedly asking verbose and vague questions – in a translucent attempt to persuade the witness into saying "yes" to counsel's *own* assertions regarding the "policy of the City of Lebanon" (*see, e.g.,* Doc. 104, Exhibit E, p.38, ln. 11 - p. 41, ln. 14; p. 101, ln. 7 - p. 103, ln. 13; p. 105, ln. 8 - p. 107, ln. 24; p. 108, ln. 23 - p. 109, ln. 12). Nonetheless, Luster asserts Lebert's answers establish that the City of Lebanon has an unqualified policy of arresting "*anyone* who refuses to answer further questions during a *Terry* stop, after

identifying himself and tendering ID" (Doc. 104, p. 12)(emphasis added).

Defendants, on the other hand, argue that the "policy of the City of Lebanon" is reflected by the City of Lebanon Police Department Manual. This manual, which Luster himself admits "echoes [Supreme Court] jurisprudence" (Doc. 104, p. 12), states in pertinent part:

> Suspects are not required, nor can they be compelled, to answer any questions posed during field interviews. Failure to respond to an officer's inquiries is not, in and of itself, sufficient grounds to make an arrest although it may be sufficient justification for additional observation and investigation.

*City of Lebanon Policy and Procedure Manual* ("Procedure Manual")(Doc. 111, Exhibit A, at 11A).

Whether the Lebanon Police Department "ignores" the Procedure Manual, as Luster asserts, is not dispositive. Clearly, a question of fact remains as to whether the "policy and procedures of Lebanon" are represented by Lebert's deposition testimony, by the Procedure Manual, or by some other source. This question of fact is not only material to Luster's argument, it is the very basis for his argument. This Court cannot determine whether Lebanon's policies are "patently illegal" when the question of what those policies *are* remains in dispute.

Accordingly, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 56**, because several issues of material fact remain in dispute, the Court **DENIES** *in its entirety* Luster's motion for summary judgment (Doc. 104).

**IT IS SO ORDERED.**

**DATED this 22nd day of September, 2006.**

                                  **s/ Michael J. Reagan**
                                  **MICHAEL J. REAGAN**
                                  **United States District Judge**