IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CHARLES R. LUSTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 04-cv-0663-MJR |
| | ) | |
| **CITY OF LEBANON, ILLINOIS,** | ) | |
| **DOUGLAS LEBERT,** *individually* | ) | |
| *and as Chief of Police of the* | ) | |
| *City of Lebanon,* **MICHAEL CHAVEZ,** | ) | |
| *individually and in his capacity as a* | ) | |
| *Police Officer with the City of Lebanon* | ) | |
| *Police Department,* **THOMAS PETERS,** | ) | |
| *individually and in his capacity as a Police* | ) | |
| *Officer with the City of Lebanon Police* | ) | |
| *Department,* | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

This matter is before the Court on Defendants' motion for summary judgment (Doc. 112).

**A.      Factual and Procedural History**

On August 25, 2004, plaintiff Charles R. Luster initiated this cause of action by filing a complaint in the Circuit Court of St. Clair County, Illinois (Doc. 2). On September 16, 2004, this matter was removed to this Court (*see* Doc. 1). On July 25, 2005, Luster filed his first amended complaint against the defendants, the City of Lebanon, and Officers Douglas Lebert, Michael Chavez and Thomas Peters ("Defendants")(*see* Doc. 85).

The underlying facts in this case are almost entirely in dispute. Consequently, there

1

is no efficient way for this Court to delineate its own factual history of this matter. The Court will rely upon each party's version of the underlying events (*see, e.g.,* Defendants' "Statement of Facts," Doc. 113, pp. 3-6; Luster's factual assertions, Doc. 122, pp. 4-8 ) to the extent it determines those accounts credible and supported by the record. The specific facts relevant to this analysis – both disputed and undisputed – will be referenced throughout this Order where appropriate.

Luster's amended complaint asserts six counts. Count One alleges that the City of Lebanon maintains a policy of arresting individuals who fail to provide information beyond the scope of their identity or who fail to comply with a field interview. Counts Two and Four allege that Officers Chavez and Peters violated Luster's Fourth and Fourteenth Amendment rights under **42 U.S.C. § 1983** when they arrested Luster without probable cause. Counts Three and Five identically allege that both officers violated Luster's Fourth and Fifteenth Amendment rights under **42 U.S.C. § 1983** when they used excessive force when arresting Luster. Count Six alleges that Officer Douglas Lebert knowingly caused or recklessly disregarded the health and safety of the City of Lebanon's citizens in maintaining an unconstitutional policy of arresting individuals who fail to comply with a field interview and fail to answer questions outside the scope of their identity (*see* Doc. 85).

Defendants now move for summary judgment on all six counts (Doc. 112).

**B.**     **Analysis**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, admissions, and affidavits leave no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. **FEDERAL RULE OF CIVIL PROCEDURE 56(c).** The moving party bears the burden of establishing both the absence of fact issues and entitlement to judgment as a matter of law. ***Santaella v. Metropolitan Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997).**

In determining whether a genuine issue of material fact exists, the Court reviews the record in the light most favorable to the non-moving party and makes all reasonable inferences in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Ulichny v. Merton Community School Dist.*, 249 F.3d 686, 699 (7th Cir. 2001); *Miranda v. Wisconsin Power & Light Company*, 91 F.3d 1011, 1014 (7th Cir. 1996).

*Count One*

Luster's Count One asserts that the City of Lebanon has a "policy and practice" that is in violation of **42 U.S.C. § 1983,** and that "as a direct and proximate cause of [that] policy and practice," Lebanon Police Officers Chavez and Peters unlawfully arrested Luster, in violation of **42 U.S.C. § 1983,** for "failing to comply with a field interview, even after Luster produced photo identification" (Doc. 85, p. 4).

In response to this assertion, Defendants assert that "the record clearly establishes that the arresting officers properly conducted their investigation within federal constitutional standards and did not violate [Luster's] constitutional rights" (Doc. 113).

A municipality may be held liable in a **§1983** claim for an unconstitutional policy, custom or practice, in one of three manners: (1) through law, ordinance or regulation reduced to writing, that when enforced results in a constitutional violation; (2) through a widespread practice that is so well settled as to constitute a "custom or usage" with the force of law; or (3) where the constitutional violation was caused by the actions of a person with "final policymaking authority." *See Monell v. Department of Social Services*, **436 U.S. 658 (1978);** *Pembaur v. City of Cincinnati*, **475 U.S. 469 (1986);** *Baxter v. Vigo County School Corp.*, **26 F.3d 728, (7th Cir. 1994);** *Looper Maintenance Service Inc. v. City of Indianapolis*, **197 F.3d 908 (7th Cir. 1999).**

Here, the parties dispute practically every factual issue material to a legal analysis of this argument. For instance, as this Court recognized in a previous Order issued in this case (*see* Doc. 149), there is a factual dispute as to exactly what constitutes "the unconstitutional policy, custom or practice" that is the basis for this claim. Luster argues that the "policy and procedure of Lebanon" are illustrated by the deposition testimony of Douglas Lebert (*see* Doc. 104, Exhibit E), whereas Defendants argue that the "policy and procedure of Lebanon" are reflected by the City of Lebanon Police Department Manual. *City of Lebanon Policy and Procedure Manual* ("Procedure Manual")(Doc. 111, Exhibit A, at 11A).

Moreover, even if this Court were to resolve that question of fact in favor of the Defendant – and determine that the Procedure Manual reflects the City of Lebanon's "policy, custom or practice" – this Court still would be unable to determine whether "when enforced," that Procedural Manual "result[ed] in a constitutional violation." As mentioned, practically every fact related to Luster's arrest – and the arresting officers' justification for that arrest – remains in dispute.

Accordingly, viewing the underlying record in the light most favorable to Luster, this Court finds that several issues of material fact regarding Count One remain in dispute. Therefore, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 56(c),** the Court **DENIES** Defendants' motion for summary judgment as to Count One.

### *Counts Two, Three, Four and Five*

In Counts Two through Five, Luster asserts that Officer Chavez and Officer Peters violated his constitution rights under **42 U.S.C. § 1983** when they arrested him and when they used excessive force against him during that arrest.

*Luster's Allegations of Unlawful Arrest*

To establish a *prima facie* case in a § 1983 action based on an officer's unlawful arrest, a plaintiff must prove by a preponderance of the evidence that his arrest was carried out in the absence of probable cause. ***See Schertz v. Waupaca County,* 875 F.2d 578, 582 (7th Cir. 1989)(the existence of probable cause for an arrest is an absolute bar to a 1983 claim for unlawful arrest).** The probable cause standard is incapable of precise definition, because it deals with probabilities and depends upon the totality of the circumstances. ***Maryland v. Pringle*, 540 U.S. 366, 371 (2003),** *citing* ***Brinegar v. United States,* 338 U.S. 160, 175 (1949).** However, the substance of all the definitions of probable cause is a reasonable ground for belief of guilt, and the belief must be particularized with respect to the person to be searched or seized. ***Ybarra v. Illinois,* 444 U.S. 85, 91 (1979).**

In this matter, because nearly every fact relating to Luster's arrest remains in dispute, this Court cannot resolve the fact-intensive probable cause question. Luster argues that he did not resemble the robbery suspect, and was doing nothing more than peaceably walking on a public sidewalk at 11:30 in the morning (Doc. 122, p. 6). Luster's deposition testimony supports this account, and is only refuted by testimony of the interested-party Defendants. In the summary judgment context, this Court cannot weigh the credibility of each witness's conflicting testimony. The Court must view the evidence and draw all reasonable inferences in favor of Luster. ***Anderson,* 477 U.S. at 255 (1986)**. Viewing the underlying record in the light most favorable to Luster, this Court finds that a reasonable jury could conclude that the officers did not have reasonable suspicion to conduct a *Terry* stop, and did not have probable cause to arrest Luster for "resisting a peace officer."

Accordingly, because several issues of fact material to the unlawful arrest inquiry remain in dispute, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 56(c),** the Court **DENIES** Defendants' motion for summary judgment on Counts Two and Four.

*Luster's Allegations of Excessive Use of Force*

To establish a *prima facie* case in a § 1983 action based on a police officer's use of excessive force, a plaintiff must prove by a preponderance of the evidence that the force used was so unreasonable in light of the circumstances of the arrest as to violate the constitutional rights of the plaintiff to be free from such treatment. *See* **Graham v. Connor, 490 U.S. 386 (1989);** ***Deering v. Reich,* 183 F.3d 645 (7th Cir. 1999).**

Determining whether the force used by an officer is constitutionally "reasonable" requires a balancing of the nature and quality of the intrusion on the individual's constitutional interests against the countervailing government interests at stake. ***Graham,* 490 U.S. at 396.** This demands careful attention to the facts and circumstances of the particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. *Id.*

The evaluation of reasonableness, then, is clearly a question of fact – one that must be submitted to a jury to decide unless this Court is convinced that the record as a whole "could not lead a rational trier of fact to find for [Luster]." ***Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).**

According to Luster's account of the underlying incident, although he was not resisting arrest in any manner, Officer Chavez and Officer Peters nonetheless threw him to the ground and slammed him into the trunk of their police car while Luster's hands were handcuffed

behind his back. Luster has provided deposition testimony to support these assertions, and it is not this Court's role, in the summary judgment context, to weigh the credibility of Luster's testimony. This Court must view the facts and draw all reasonable inferences in favor of Luster. **Anderson, 477 U.S. at 255 (1986).** In doing so, the Court is not convinced that no reasonable jury could conclude that Officer Chavez and Officer Peters used excessive force against Luster. Accordingly, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 56(c)** the Court **DENIES** Defendants' motion for summary judgment on Counts Three and Five.

*Defendants' Assertion of Qualified Immunity Protection*

Defendants further assert that Officer Peters and Officer Chavez's conduct is protected under the doctrine of qualified immunity. The doctrine of qualified immunity is an "entitlement [for certain government officials] not to stand trial or face the other burdens of litigation" **Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).** "A court required to rule upon the qualified immunity issue must first consider whether, [t]aken in the light most favorable to the party asserting the injury..., the facts alleged show the officer's conduct violated a constitutional right." **Saucier v. Katz, 553 U.S. 194, 197 (2001).** Taking the facts in this case in the light most favorable to Luster, the Court finds that the officers' actions violated Luster's constitutional rights.

Regarding the unlawful arrest allegations, as mentioned, Luster argues that he did not resemble the robbery suspect, and was doing nothing more than peaceably walking on a public sidewalk at 11:30 in the morning (Doc. 122, p. 6). Viewing the circumstances leading up to the investigatory detention and subsequent arrest in the light most favorable to Luster, this Court finds the officers did not have reasonable suspicion to conduct a *Terry* stop, and therefore could not have had probable cause to arrest Luster for any "resistance" to their actions. Accepting Luster's account of these circumstances as true, the Court finds that the officers' actions deprived Luster of his

7

constitution rights to be free from unreasonable search and seizure.

Regarding the excessive force allegations, Luster further asserts that, although he was not resisting arrest in any manner, Officer Chavez and Officer Peters nonetheless threw him to the ground and slammed him into the trunk of their police car while Luster's hands were handcuffed behind his back. Assuming that these assertions are true, the officers' actions constituted excessive force that deprived Luster of his constitutional right to be free from cruel and unusual punishment.

If, as in this case, violations of a plaintiff's constitutional rights can be made out on a favorable view of the plaintiff's submissions, the next step in a qualified immunity analysis is to determine whether the rights were "clearly established." ***Saucier,* 533 U.S. at 201.** This inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Id.* "The right the official is alleged to have violated must have been 'clearly established' in a... particularized and relevant sense: [t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* **at 202, *citing Anderson v. Creighton,* 483 U.S. 635, 640 (1987).** "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." ***Saucier,* 533 U.S. at 202.**

The right of a citizen to be free from a search or seizure in the absence of probable cause is a clear and long-established right, as is a citizen's right to be from cruel and unusual punishment. Reasonable officers in the same position as Officer Chavez and Officer Peters would have known that they could not conduct a *Terry* stop, and ultimately arrest an individual for doing nothing more than peaceably walking down a public sidewalk, as Luster asserts was the case. Likewise, reasonable officers also would have known that they could not slam a handcuffed individual into their car and onto the ground when that individual was in no way resisting arrest, as

8

Luster claims. Accordingly, the Court concludes that the constitutional rights that Officer Peters and Officer Chavez allegedly violated were "clearly established" at the time of the underlying incident. Therefore, the Court **DENIES** Defendants' qualified immunity arguments.

### *Count Six*

In Count Six, Luster alleges that the City of Lebanon's arrest policy is unconstitutional and that therefore Chief Lebert's failure to use his authority to change that policy subjects him to liability.

As this Court has already mentioned, exactly what constitutes the City of Lebanon's "policy and procedure" remains in dispute. As a result, this Court is unable to determine whether Lebert, in his capacity as Chief of Police, had the authority and responsibility to change that policy. Accordingly, the Court **DENIES** summary judgment on Count Six to the extent it is directed at Chief Lebert in his *official capacity.*

However, to establish an *individual* capacity claim under § 1983 against a supervisory official, there must be a showing that the official was directly responsible for the improper conduct, ***Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir.1983)**, and "knowingly, willfully, or at least recklessly caused the alleged deprivation by [his] action or failure to act." ***Rascon v. Hardiman,* 803 F.2d 269, 274 (7th Cir.1986)**. As the Seventh Circuit has stated:

> [A] defendant's direct participation in the deprivation is not required. An official satisfies the personal responsibility requirement of section 1983 if [he] acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent.

***Id. quoting Smith v. Rowe,* 761 F.2d 360, 369 (7th Cir.1985).**

Regardless of whether Lebert had the authority or responsibility to affect Lebanon's policy or procedure, Luster has not presented competent evidence that could support a finding that

9

Lebert was *directly* responsible for the *conduct* of Officer Chavez and Officer Peters. *See Wolf-Lillie v. Sonquist,* **699 F.2d at 869.** Nor has Luster provided any evidence indicating that Officer Peters' and Officer Chavez's *conduct* "occurr[ed] at [Lebert's] direction or with [Lebert's] knowledge and consent." ***Rascon,* 803 F.2d at 274.** To successfully oppose summary judgment, the non-movant must present definite, competent evidence in rebuttal. ***Vukadinovich v. Board of Sch. Trs. of North Newton Sch. Corp.*, 278 F.3d 693, 698-99 (7th Cir. 2002)**. Luster has failed to meet this burden on this point. Accordingly, the Court **GRANTS** summary judgment against Luster and in favor of Lebert on Count Six to the extent that Count Six is directed at Lebert in his *individual* capacity.

### *Standing to Seek an Injunction*

In his prayer for relief following each count, Luster seeks an injunction from this Court "permanently enjoining Defendant Douglas Lebert from enforcing or allowing any policy or procedure that results in the arrest or incarceration of any person, including Plaintiff, merely for refusing or failing to answer a question as to any matter other than their identification" (*see, e.g.,* Doc. 85, p. 14). Defendants argue that Luster does not have standing to seek such an extraordinary remedy. This Court agrees.

In order to have standing, a plaintiff must show three things. First, the plaintiff must have suffered an "injury in fact" - an invasion of a legally protected interest which is (a) concrete and particularized, ***Warth v. Seldin,* 422 U.S. 490, 508 (1975)**; and (b) "actual or imminent, not 'conjectural' or 'hypothetical,' " ***Whitmore v. Arkansas,* 495 U.S. 149, 155 (1990)**. Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." ***Simon v. Eastern Ky. Welfare Rights Organization,* 426 U.S. 26, 41-42 (1976)**. Third, it must be "likely," as opposed to merely

"speculative," that the injury will be "redressed by a favorable decision." *Id.* **at 38.**

The party invoking federal jurisdiction bears the burden of establishing these elements. *Lujan v. Defenders of Wildlife,* **504 U.S. 555, 561 (1992).** In response to a motion for summary judgment on this issue, a plaintiff can not rest on "mere allegations," but must set forth by affidavit or other evidence "specific facts" supporting their showing of standing. *Id.*

Here, Luster has failed to set forth competent, definite evidence showing that the future injuries he complains of are anything but "conjectural or hypothetical." *Whitmore,* **495 U.S. at 155.** Accordingly, the Court **GRANTS** Defendants' motion for summary judgment on this issue and **DISMISSES** Luster's prayers for a permanent injunction following each count.

**C.** <u>Conclusion</u>

For the foregoing reasons, the Court **GRANTS** *in part* and **DENIES** *in part* Defendants' motion for summary judgment (Doc. 112). The motion is **GRANTED** as to Defendants' request for summary judgment on Luster's Count Six to the extent it is asserted against Lebert in his *individual* capacity, and as to Defendants' request for summary judgment on Luster's prayer for a permanent injunction in all six counts. The motion is **DENIED** in all other respects. The Clerk of the Court, at the appropriate time, shall enter judgment in favor of Lebert and against Luster on Count Six to the extent it is directed against Lebert in his *individual capacity*, and shall enter judgment against Luster and in favor of *all* defendants as to Luster's request for a permanent injunction in all six counts.

        **IT IS SO ORDERED.**

        **DATED this 28th day of September, 2006.**

        s/ Michael J. Reagan
        **MICHAEL J. REAGAN**
        **United States District Judge**