IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES R. LUSTER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 04-cv-0663-MJR |
| ) | |
| **CITY OF LEBANON, ILLINOIS,** ) | |
| **MICHAEL CHAVEZ,** ) | |
| *individually and in his capacity as a* ) | |
| *Police Officer with the City of Lebanon* ) | |
| *Police Department*, **THOMAS PETERS,** ) | |
| *individually and in his capacity as a Police* ) | |
| *Officer with the City of Lebanon Police* ) | |
| *Department,* ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

This matter is before the Court on Luster's motion for sanctions and to strike (Doc. 138). Therein, counsel for Luster points out that on July 13, 2006, counsel for Defendants filed a document exhibiting Luster's social security number (*see* Doc. 137, Ex. 2 (since deleted)). The filing of this information was in violation of the **E-Government Act of 2002**, as well as this Court's **Local Rule 5.1(d).** As sanctions for the filing of this document, Luster requests that this Court: (1) delete the offending information; (2) fine each Defendant $1,000; and (3) deny, as a sanction, any and all relief requested by Defendants in Document 137 (*see* Doc. 138, p. 1).

On July 19, 2006, this Court entered an Order directing the Clerk of the Court to delete the offending material, but reserved ruling on the remainder of Luster's motion for sanctions (Doc. 138). For the reasons that follow, the Court now denies the balance of Luster's motion for sanctions

1

(Doc. 138).

This Court's **Local Rule 5.1(d)** puts counsel and parties on notice that a failure to redact personal identifiers "may subject them to the full disciplinary powers of the court." **SDIL-LR 5.1(d).** In addition to this general warning, this Court specifically warned counsel, by its Order dated December 8, 2005, that "future violations of filing rules that result in public disclosure of confidential information may be subject to $1,000 fine per pleading in violation" (Doc. 118). In spite of these warnings, counsel for Defendant has violated **Local Rule 5.1(d)** for the fourth time during the course of this litigation.

This being the case, the Court might have a basis to sanction counsel for Defendants, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 11,** if Luster had followed correct procedure in moving for such sanctions. In this matter, however, Luster has failed to do so.

**FEDERAL RULE OF CIVIL PROCEDURE 11(c)(1)(A)** contains a 21 day "safe harbor" period. The rule provides that a Rule 11 motion for sanctions "shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." **FED. R. CIV. P. 11(c)(1)(A).** The safe harbor provision was added to Rule 11 in part to make the rule more fair by giving a potential violator notice and an opportunity to correct. **FED. R. CIV. P. 11, advisory committee notes, 1993 amendment (provision intended "to provide a type of 'safe harbor' against motions under Rule 11 in that a party will not be subject to sanctions unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified**

allegation." '); *see also Corley v. Rosewood Care Center, Inc.,* **142 F.3d 1041, 1058 (7th Cir.1998)**. In this matter, it is clear that Luster's filing does not comport with Rule 11's 21-day safe harbor provision, as Luster's motion for sanctions (Doc. 138) was filed with this Court on July 14, 2006, just one day after Defendants filed the offending material on July 13, 2006 (*see* Doc. 137). Accordingly, Rule 11 sanctions would be improper under the present circumstances. ***See Corley,* 142 F.3d at 1058;** *Johnson v. Waddell & Reed, Inc.,* **74 F.3d 147 (7th Cir. 1996).** For these reasons, the Court **DENIES** the balance of Luster's motion for sanctions (Doc. 138).

Nonetheless, the fact remains that Defense counsel's July 13th filing violated the **E-Government Act of 2002,** this Court's **Local Rule 5.1(d)**, as well as **Rule 6** of this Court's "Electronic Filing Rules," which places "ultimate responsibility for ensuring that information is properly redacted and/or sealed" upon the user of this Court's Electronic Filing System. **(http://www.ilsd.uscourts.gov/Forms/PDF%20Forms/Elec-Rules-Rev4-06w-JH%20revFINAL.pdf)**. *A fortiori*, the July 13th filing represented the *fourth* such offensive filing and, as mentioned, was filed in spite of this Court's explicit warning to counsel that "future violations of filing rules that result in public disclosure of confidential information" would not be tolerated (*see* Doc. 118).

A court's civil contempt power rests in its inherent limited authority to enforce compliance with court orders and ensure judicial proceedings are conducted in an orderly manner. ***See e.g., D. Patrick, Inc. v. Ford Motor Co.,* 8 F.3d 455, 459 (7th Cir.1993);** *Ferrell v. Pierce***, 785 F.2d 1372, 1378 (7th Cir.1986).** To hold a party or witness in civil contempt, "the district court must be able to point to a decree from the court which 'set[s] forth in specific detail an unequivocal

command' which the party [or witness] in contempt violated." *Ferrell,* **785 F.2d at 1378 (quoting** *H.K. Porter Co. v. National Friction Prods.***, 568 F.2d 24, 27 (7th Cir.1977)).** In this matter, the several and various filing rules of this Court, combined with this Court's *explicit* warning issued December 8, 2005 (Doc. 118) comprise a decree the violation of which appears to provide grounds for a finding of civil contempt.

Accordingly, the Court now **ORDERS** counsel for Defendants to **SHOW CAUSE,** in writing, on or before February 8, 2007, why this Court should not hold him in civil contempt for violating its explicit order and repeatedly violating the filing rules of this Court, as well as the **E-Government Act of 2002.**

**IT IS SO ORDERED.**

**DATED this 8th day of January, 2007.**

                                                   s/ Michael J. Reagan
                                                   **MICHAEL J. REAGAN**
                                                   **United States District Judge**