IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES R. LUSTER,** )<br> )<br> **Plaintiff,** )<br> )<br>vs. )<br> )<br>**CITY OF LEBANON, ILLINOIS,** )<br>**MICHAEL CHAVEZ,** )<br>*individually and in his capacity as a* )<br>*Police Officer with the City of Lebanon* )<br>*Police Department*, **THOMAS PETERS,** )<br>*individually and in his capacity as a Police* )<br>*Officer with the City of Lebanon Police* )<br>*Department,* )<br> )<br> **Defendants.** ) | Case No. 04-cv-0663-MJR |

### MEMORANDUM and ORDER

**REAGAN, District Judge:**

   This matter is before the Court on Defendants' motion to strike and motion to bar (Doc. 137). Therein, Defendants move this Court, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 37,** to strike Luster's "Fifth Supplemental Rule 33 Disclosure" (Doc. 137, Ex. 1 "Fifth Disclosure") and bar Luster from presenting any evidence relating to any treatment of Luster by the individuals disclosed in that document: Dr. Parmil Patel, Dr. Joseph Sherrill, Dr. David Crafts and/or Stacy Vielhaver (*see* Fifth Disclosure, pp. 1-2).

   At the outset of this case, the general discovery deadline in this matter was set for July 8, 2005 (*see* Doc. 13). On June 29, 2005, Magistrate Judge Wilkerson extended that deadline to July 15, 2005 (*see* Doc. 66). As no further extensions of the general discovery deadline were given, discovery in this matter was closed on July 15, 2005.

Subsequently, however, Luster filed a motion to amend/correct on July 8, 2005 (*see* Doc. 73). Therein, Luster stated that, having deposed the "Chief of Police of Lebanon, as well as the assisting officer," he "wish[ed] to narrow the pleadings, and amended (sic) the complaint based on this discovery" (Doc. 73, p. 4). Luster further stated that "[i]f allowed to file the proposed First Amended Complaint": (1) "[Luster] intend[ed] to move for summary judgment, on the issues of the unconstitutional policy and practice of arresting persons who present photo ID during a Terry stop, but fail to answer other questions...;" and (2) "intend[ed] to move for summary judgment ... on the unwillingness of Lebanon to pay for a competent police force ... resulting in an incompetent police force." *Id.* at 7-8. To support these claims, Luster stated to this Court, "[i]t [was] [his] intent to attach the deposition transcript of Defendant Lebanon Chief of Police Lebert ... and if those issues are presented to the jury, to ask the same questions to Defendant Lebert on the witness stand." *Id.* at 8. Luster concluded by asserting that "[he] [did] not contemplate needing *any more discovery than that which he already has.*" *Id.* at 9 (emphasis added).

Having carefully reviewed that motion, and taking Luster at his word regarding additional discovery, this Court allowed Luster to amend his complaint to assert causes of action against the City of Lebanon: "[t]he motion is granted in that the Court allows [Luster] leave to file an amended complaint pleading a cause of action against the City of Lebanon alleging violations of the Fourth and Fourteenth Amendments *in relation to the City's policies ...*" (Doc. 86, p. 3)(emphasis added). In the same Order, this Court decided to reopen discovery "*only for the purposes of ...* interrogatories relating to Defendants' criminal history ... [and] net worth, and as to [Luster's] *Fourth and Fourteenth Amendment* claims that will appear in [Luster's] amended complaint." *Id.* at 86 (emphasis added). Without having to expressly and redundantly assert such, it was sufficiently clear

2

that the "Fourth and Fourteenth Amendment claims" this Court referred to were those claims that were "in relation to the City's policies" which it had mentioned on the preceding page of that very same order. *See, id.* at 3.  Consistent with that Order, on August 26, 2005, Judge Wilkerson set the cutoff for the reopened portion of discovery for July 7, 2006 (*see* Doc. 93).

Nonetheless, on July 6, 2006, Luster served upon Defendants his "Fifth Supplement Disclosure," disclosing therein a number of witness expected "to provide testimony as to Plaintiff's injuries" (*see* Fifth Disclosure, pp. 3-4).  The fact that Luster's Fifth Disclosure was served only one day prior to the deadline for the reopened discovery indicates that Luster apparently assumed the evidence disclosed was of the nature contemplated or expressed by the Court in its limited reopening of discovery.  Luster is mistaken.

"Evidence of [Luster's] injuries" is *not* "interrogatories relating to Defendants' criminal history ... [or] net worth," or related to "[Luster's] Fourth and Fourteenth Amendment claims in relation to the City's policies" (*see* Doc. 86 at 3).  Rather, such evidence relates to Luster's excessive force claims contained in his original complaint, and does not fall within the limited scope of the reopened discovery in this matter.  Indeed, in that it relates to those claims in Luster's original complaint, such evidence bears directly on those issues in relation to which Luster earlier assured this Court that "[he] [did] not contemplate needing *any more discovery than that which he already has.*" (Doc. 73, p. 9)(emphasis added).

Whether Luster's attempt to add *four* additional examining individuals is disingenuousness or merely a misunderstanding of this Court's prior Order is of no moment; Luster's Fifth Disclosure, served on July 6, 2006, is nearly a year tardy of the discovery period for such evidence, which expired on July 15, 2005.  Consequently, Luster's Fifth disclosure is in violation of

the timing provisions of **FEDERAL RULE OF CIVIL PROCEDURE 26(a)**("disclosures must be made with 14 days after the Rule 26(f) conference [or] a different time set by stipulation or court order").

As **FEDERAL RULE OF CIVIL PROCEDURE 37** makes clear, as a general rule, if a party fails to disclose information in accordance with Rule 26(a), that party "shall not, unless such failure is harmless, be permitted to use as evidence at a trial any... information not so disclosed." **FED. R. CIV. P. 37(c)(1).** This sanction is "automatic and mandatory" unless the party can show that the violation "was either justified or harmless." *Finley v. Marathon Oil Co.*, **75 F.3d 1225, 1230 (7th Cir.1996).** The determination of whether a failure is harmless or justified is left to the broad discretion of the district court. *David v. Caterpillar, Inc.,* **324 F.3d 851, 857 (7th Cir.2003).** While a trial court need not make explicit findings regarding a justification or the harmlessness of a Rule 26 violation, the Seventh Circuit has indicated several factors that should guide a district court's discretion: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *Bronk v. Ineichen*, **54 F.3d 425, 428 (7th Cir.1995).**

Here, the Court finds that Luster's Fifth Disclosure evidence clearly has surprised Defendants, and has significant prejudicial potential to Defendants' case. With a trial date of January 29, 2007 looming; plaintiff's disclosure precludes meaningful time for Defendants to obtain rebuttal testimony. Finally, concerning the presence of bad faith, Luster's failure to disclose *four* treating individuals at an earlier date is inexcusable. For these reasons, the Court **FINDS** that the evidence

disclosed in Luster's Fifth Disclosure is neither harmless nor justified.  Accordingly, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 37,** the Court **GRANTS** Defendants' motion (Doc. 137) to the extent it requests this Court to bar such evidence and **BARS** any evidence relating to any treatment by Dr. Patel, Dr. Sherrill, Dr Crafts and/or Stacy Vielhaver as well as any and all medical documents related to such treatment.  As Luster's Fifth Disclosure is not an independent document appearing on the docket sheet of this matter, the Court finds it unnecessary to strike that Disclosure.  Therefore, the Court **DENIES** Defendants' motion (Doc. 137) to the extent it request that this Court order the Fifth Disclosure stricken.

       **IT IS SO ORDERED.**

       **DATED this 8th  day of January, 2007.**

                                      s/ Michael J. Reagan
                                      **MICHAEL J. REAGAN**
                                      **United States District Judge**